```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
    _____

    ANTON PURISIMA,
                                              1:17-cv-05312-NLH-AMD
        Plaintiff,

                                              **MEMORANDUM**
    v.                                        **OPINION & ORDER**

    NEW JERSEY TRANSIT POLICE
    DEPARTMENT, GREYHOUND BUS
    LINES CORPORATION, ATLANTIC
    CITY BUS TERMINAL, et al.,


        Defendants.
    _____
```

**APPEARANCES:**

ANTON PURISIMA
390 9TH AVENUE
NEW YORK, NY 10001
    Appearing *pro se*

SHARON PRICE-CATES
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW & PUBLIC SAFETY
25 MARKET STREET
P.O. BOX 114
TRENTON, NJ 08625
    On behalf of New Jersey Transit Police Department

JUSTIN A. BAYER
KANE PUGH KNOELL TROY & KRAMER, LLP
510 SWEDE STREET
NORRISTOWN, PA 19401-4886
    On behalf of Greyhound Bus Lines Corporation

**HILLMAN**, District Judge

   WHEREAS, Plaintiff, Anton Purisima, appearing *pro se*, has

filed a complaint against Defendants, the New Jersey Transit Police Department, the Greyhound Bus Lines, and the Atlantic City Bus Terminal, claiming that at 2:00 a.m. on July 5, 2017, even though he had a Greyhound bus ticket that was valid for use until August 29, 2017, he was ordered to take the next bus to New York City, which departed at 4:30 a.m., and directed to the leave the bus terminal passenger waiting area until the bus departed; and

WHEREAS, Plaintiff claims that his various federal and state law rights were violated relative to being ordered out of a place of public accommodation; and

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, Plaintiff has also filed a motion for pro bono counsel pursuant to 28 U.S.C.A. § 1915(e)(1), which provides that "the court may request an attorney to represent any person unable to afford counsel"; and

WHEREAS, to determine whether Plaintiff should be appointed pro bono counsel, which is a privilege rather than a right and at the sole discretion of the Court, see Hennessey v. Atlantic County Dept. of Public Safety, 2008 WL 4691990, at *2 (D.N.J.

2

2008), the Court must first determine whether the plaintiff's claim has some merit in fact and law, and if so, the Court must then consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf, Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); and

WHEREAS, the Court finds that even though Plaintiff's complaint is sufficient to proceed past the IFP screening process, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (requiring a federal court when considering an IFP application to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards), it is too early in the litigation to determine the substantive merit of Plaintiff's claims, along with the other factors to be considered in assessing whether Plaintiff should be appointed pro bono counsel;

THEREFORE,

IT IS on this \_\_27th\_\_ day of \_February\_, 2018

ORDERED that Plaintiff's IFP application (Docket No. 1-4)

3

be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff's MOTION to Appoint Pro Bono [4] be, and the same hereby is, DENIED without prejudice.


At Camden, New Jersey

   s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.